591 So.2d 698 (1991)
In re Application of Jane DOE, A Minor, applying for an Order Authorizing an Abortion Pursuant to R.S. 40:1299.35.5(B)
No. 91-CK-2831.
Supreme Court of Louisiana.
December 16, 1991.

ORDER
Writ granted. The motion to revoke the lower court's appointment of an attorney is granted and the motion to quash the subpoena is granted. "If a State decides to require a pregnant minor to obtain one or *699 both parents' consent to an abortion, it must also provide an alternative procedure whereby authorization for the abortion can be obtained." Bellotti v. Baird, 443 U.S. 622, 623, 99 S.Ct. 3035, 3038, 61 L.Ed.2d 797 (1970). Louisiana has provided such a procedure in La.R.S. 40:1299.35.5 which statutorily provides for parental consent or an alternative judicial bypass procedure in cases involving abortions for minors. In judicial bypass proceedings, the only relevant inquiry under the statute is "... [whether] the minor is sufficiently mature and well enough informed to make the decision concerning the abortion on her own ..." and "[i]f the court finds that the minor is not competent to make the decision concerning the abortion on her own,... [whether] the abortion nevertheless would be in the best interest of the minor...." La.R.S. 40:1299.35.5(B)(4-5). Also provided is that "[e]ach application shall be heard in chambers, confidentially, in a summary manner, and within forty-eight hours of the filing thereof." La.R.S. 40:1299.35.5(B)(3). This provision does not contemplate the appointment of an attorney for the fetus or an adversarial proceeding or the involvement of other parties which would destroy the confidentiality of the proceedings. The general principle of La.C.C. art. 26 does not override the more specific requirements of constitutional and statutory law in this unique type of proceeding.
WATSON, J., would deny the writ.